Per Curiam.

A partnership is a contractual relation dependent upon the personality of its members. The admission or withdrawal of a member so radically changes the contractual rights inter se as to produce essentially a new relation even though the parties contemplate no actual dissolution of the firm and continue to carry on business under the same name, under the original articles and with the same account books.
This action should have been brought in the name of the persons who constitute the partnership prosecuting the claim, rather than the mere trade name under which they conduct their business.
The defect is not just a misnomer which can survive the motion to dismiss. Paragraph “ 2 ” of the complaint alleges the names of the four persons who comprised the partnership when the cause of action arose. Plaintiff, however, suggests that the suit is brought by the present partnership which according to paragraph “ 1 ” of the pleading is composed of the three persons named therein. There is no allegation that the present partnership succeeded to the cause of action by assignment or otherwise.
The order should be reversed, with $20 costs and disbursements and the motion to dismiss the complaint should be granted, with leave to plaintiff to serve an amended complaint within ten days after service of a copy of the order to be entered hereon with notice of entry.
Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of the order, with notice of entry thereof, on payment of said costs. Settle order on notice.